UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF MCKINNEY           CIVIL ACTION
SALVAGE & HEAVY LIFT, INC.

                         NO:     17-12422

                         SECTION: "H" (4)

## ORDER

Before the Court is a **Motion for Leave to File Cross-Claim on Behalf of Larry Butler and Shirley Butler (R. Doc. 17)**. No opposition was filed. The motion was heard on the briefs.

I. **Background**

This action began with the filing of a limitation of liability action by McKinney Salvage & Heavy Lift, Inc. ("McKinney") pursuant to admiralty and maritime jurisdiction and Federal Rule of Civil Procedure 9(h). R. Doc. 1. The complaint states that the vessel, TROY MCKINNEY, was moored and awaiting refurbishment at the dock of Chet Morrison Contractors, LLC ("Chet Morrison") situated on the Harvey Canal on June 7, 2017. The complaint alleges that due to the improper navigation of a passing towboat operated by LeBeouf Brothers Towing, LLC ("LeBeouf") and a heavily laden tank barge, the TROY MCKINNEY parted her moorings and drifted into overhead powerlines belong to Entergy Louisiana, LLC ("Entergy"). *Id.*

Claimants Larry Butler and Shirley Butler filed an answer and a negligence claim against McKinney. R. Doc. 5. They allege that on June 7, 2017, they were driving on Peters Road in Harvey, Louisiana when suddenly and without warning power lines fell onto their Buck LeSabre damaging the vehicle and causing personal injuries. *Id.*

The Butler Claimants filed the instant motion seeking to file a cross-claim against LeBeouf and Chet Morrison pursuant to Federal Rule of Civil Procedure 13(g). R. Doc. 17. Claimants allege

that LeBeouf and Chet Morrison have previously joined this action and Claimants seek to allege that these entities were responsible or partly responsible in this matter. *Id.* No opposition has been filed.

## II. Standard of Review

### A. Rule 13(g)

Federal Rule of Civil Procedure ("Rule") 13 governs the assertion of counterclaims and crossclaims. *See* Fed. R. Civ. P. 13. Pursuant to Rule 13(g), a pleading may state as a crossclaim, "any claim by one party against a coparty if the claim arises out of the same transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g).

The general policy behind allowing crossclaims is to avoid multiple suits and to encourage the determination of the entire controversy among parties with minimal procedural steps and courts construe subdivision (g) liberally in order to settle as many related claims as possible. Charles Alan Wright, et al., 6 Federal Practice & Procedure § 1431 (3d ed.).

### B. Rule 15(a)

Federal Rule of Civil Procedure ("Rule") 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n.,* 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. Id. (citing *Briggs v. Miss.,* 331 F.3d 499, 508 (5th Cir. 2003)).

**III.    Analysis**

First, the District Court issued a Scheduling Order in this matter stating that amendments to pleadings, third-party actions, crossclaims, and counterclaims shall be filed no later than May 7, 2018. R. Doc. 14. The instant motion seeking to assert crossclaims was filed on May 4, 2018. R. Doc. 17. Therefore, the motion is timely filed pursuant to the District Court's Scheduling Order.

Second, the Court finds that the crossclaims that the Claimants seek assert arise from the same transaction or occurrence that gave rise to the limitation of liability action. Factual and legal issues regarding liability are shared between the original claim and crossclaims as they involve the cause for unmooring of the vessel and its subsequent striking of the powerlines and the powerlines ultimate descent onto the Claimants' vehicle. Therefore, the transaction or occurrence requirement of Rule 13(g) is satisfied.

Third, the Claimants seek to assert crossclaims against Chet Morrison and LeBeouf. Rule 13(g) requires crossclaims to be asserted against coparties. Prior to the filing of this motion both

3

Chet Morrison and LeBeouf had joined this action as a party. R. Docs. 6, 7. As a result, the coparty requirement of Rule 13(g) has been satisfied as well.

Fourth, applying Rule 15(a), the Court finds no undue delay, bad faith, or dilatory motive as the motion to assert the crossclaims were timely filed pursuant to the District Court's scheduling order. There have not been any repeated attempts to cure deficiencies as this is the first time these crossclaims are being asserted. There is no prejudice as discovery will be ongoing until November 16, 2018, the crossclaims do not fundamentally alter the nature of the case as they involve the same transaction or occurrence as the original claim, and no party has opposed the motion. Finally, the Court does not find the crossclaim to be facially futile.

The Court, in applying both Rule 13(g) and Rule 15(a), finds that the requirements of filing the crossclaims in this matter have been satisfied by the Claimants. As a result, the Court grants the motion for leave to file the crossclaims.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion for Leave to File Cross-Claim on Behalf of Larry Butler and Shirley Butler (R. Doc. 17)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the clerk of court shall file the crossclaim attached to the motion into the record.

New Orleans, Louisiana, this 3rd day of July 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

4